UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRIAN CHAN,

               Plaintiff,

        - against –

UNITED STATES OF AMERICA,

               Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

11 CV 1420 (RJD) (LB)

DEARIE, District Judge.

Petitioner Brian Chan, currently incarcerated at the United States Penitentiary in Atwater, California, petitions pro se for a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Petitioner's application to proceed in forma pauperis is granted for the limited purpose of my denying petitioner's request for counsel and dismissing the petition.

## Background

In April 1992, following a trial before the Honorable Reena Raggi, a jury convicted petitioner of racketeering, murder, manslaughter, kidnapping and conspiracy to murder a witness. See United States v. Chung, 90 CR 1019 (RJD). In October 1992, Judge Raggi sentenced petitioner to life in prison and imposed a $1 million fine. In November 1994, the Second Circuit affirmed the conviction and sentence but vacated the fine. See United States v. Wong, 40 F.3d 1347 (2d Cir. 1994). After Judge Raggi issued an amended judgment, petitioner moved twice for reconsideration. I denied those motions in June 2006 and September 2007.

In November 1997, Judge Raggi denied petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. See Chan v. United States, No. 97 CV 2182 (RR). Petitioner appealed unsuccessfully. In August 2000, the Second Circuit denied petitioner's request for permission to file a second § 2255 petition.

By submission dated March 18, 2011, petitioner seeks "relief from his unconstitutional conviction and sentence by way of a Writ of Audita Querela, 28 U.S.C. § 1651." (Notice of Mot. at 1.) Specifically, petitioner alleges that the court lacked subject matter jurisdiction under the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5031, because the government allegedly failed to comply with the Act's certification provision. Petitioner also alleges that he was forced to pay a consecutive special assessment which amounted to "double jeopardy and cruel and unusual punishment." (Id.) I decline to reach these issues because no writ of audita querela is available to petitioner.

## Discussion

"[I]n a civil action in which a prisoner seeks redress from [an] officer or employee of a governmental entity," such as the action here, a court may dismiss the complaint or any portion of the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a)-(b). A court may dismiss an action filed in forma pauperis for the same reasons. See 28 U.S.C. § 1915(e)(2). "Such dismissals must accord the inmate an opportunity to amend the complaint 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir.1999)). In applying these rules, the Court is mindful that "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Although formally abolished in civil cases, see Fed. R. Civ. P. 60(e), the ancient writ of audita querela "remain[s] available in very limited circumstances with respect to criminal convictions," United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). A remedy of last

2

resort, the writ may be used only to fill gaps in the statutory framework of post-conviction relief afforded by 28 U.S.C. §§ 2244 and 2255. "In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007).

Petitioner's invocation of audita querela is meritless. The allegations underlying petitioner's motion, relating to events occurring at his trial and sentence, could have been raised on direct appeal of his conviction or through his previous petitions brought under § 2255. See Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997). In particular, two of petitioner's co-defendants argued on direct appeal that the trial court lacked subject matter jurisdiction under the Juvenile Justice and Delinquency Prevention Act, an issue clearly ripe for review almost two decades ago and which the Second Circuit addressed at length. See Wong, 40 F.3d at 1365. Accordingly, there is no gap in the post-conviction remedies available to petitioner, who has already requested relief through available channels. That these previous petitions lacked success does not allow petitioner to circumvent the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, which already have proved insurmountable, by recasting his next habeas petition as one for a writ of audita querela. See, e.g., Triestman, 124 F.3d at 376-77 (holding that § 2255 is not considered an "inadequate or ineffective" post-conviction remedy merely because it is procedurally unavailable); Persaud v. United States, 2009 WL 136027, at *2 (E.D.N.Y. 2009).

## Conclusion

The petition for a writ of <u>audita querela</u> is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May __, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge